UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICARDO GONZALEZ,

    Plaintiff,

v.

YB MARINE REPAIR INC.,
SHERYL MAUER, and
CHRIS MAUER,

    Defendants.
_____/

## COMPLAINT WITH REQUEST FOR JURY TRIAL

Plaintiff, Ricardo Gonzalez, through undersigned counsel, hereby brings this action against YB Marine Repair Inc., Sheryl Mauer, and Chris Mauer, and alleges as follows:

### INTRODUCTION

1. Plaintiff alleges that Defendants unlawfully denied him overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and unlawfully discharged him for asserting his legal rights under the Florida Workers' Compensation Law, in violation of Fla. Stat. 440.205.

### JURISDICTION AND VENUE

2. At all times relevant herein, Defendants have systematically transacted business in the Southern District of Florida, specifically at 101 N. Riverside Dr., Suite 116, Pompano Beach, Florida 33062. Therefore, the Court has personal jurisdiction over Defendants.

3. Most or all of the acts complained of herein occurred at Defendant's office at the above address. Therefore, this is a proper venue under 28 U.S.C. § 1391(b).

4. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States of America, specifically the FLSA.

5. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

**PARTIES**

6. Plaintiff, **Ricardo Gonzalez**, is a person of the full age of majority and a resident of Broward County, Florida.

7. Defendant, **YB Marine Repair Inc.** (hereinafter "YB"), is a Florida Profit Corporation located in Pompano Beach, Florida, at all relevant times herein has been authorized to do business in Florida, specifically in Broward County, Florida.

8. YB does business as "Yachting Bliss."

9. YB's corporate headquarters is located at 101 N. Riverside Dr., Suite 117, Pompano Beach, Florida 33062.

10. At all relevant times herein, YB owned and operated the business in which Plaintiff worked.

11. At all relevant times herein, YB has been an enterprise engaged in commerce pursuant to the FLSA, has controlled and directed the terms, conditions, activities, duties, and responsibilities of Plaintiff's employment, and hence has been his employer under the FLSA.

12. At all relevant times herein, YB has had annual gross receipts exceeding $500,000.

13. At all relevant times herein, employed one or more employees engaged in commerce pursuant to 29 U.S.C. § 203(s)(1)(A).

14. At all relevant times herein, Defendant **Sheryl Mauer** was the President of YB and managed and/or directed YB's operations, controlled the terms and conditions of Plaintiff's employment, acted directly or indirectly in the interest of YB in relation to Plaintiff, and hence was his employer pursuant to the FLSA, 29 U.S.C. § 203(e)(1).

15. At all relevant times herein, Defendant **Chris Mauer** managed and/or directed YB's operations, controlled the terms and conditions of Plaintiff's employment, acted directly or indirectly in the interest of YB in relation to Plaintiff, and hence was his employer pursuant to the FLSA, 29 U.S.C. § 203(e)(1).

16. At all relevant times herein, all Defendants jointly operated and managed the business/enterprise in which Plaintiff worked, and hence were his "employers" and/or "joint employers" under the FLSA.

## FACTS

17. Plaintiff was employed by Defendants as a non-exempt boat cleaner from approximately March 2015 through approximately late July 2020 at a rate of $18 per hour.

18. A manual laborer, Plaintiff did not supervise any other employees.

19. Plaintiff worked over 40 hours per week approximately 3 out of every 4 weeks, working an average of 3 hours of overtime during each such workweek. He should have been paid an additional $9 for each of those hours, but was not. That adds up to approximately $5,130. (5 years x 38 weeks per year x 3 hours x $9 = $5,130.).

20. Under the FLSA, the employee is normally entitled to double the amount of unpaid wages, to compensate him for the delay in obtaining the wages. Hence, Plaintiff may recover approximately $10,260.00 if he prevails.

21. Under the FLSA, he is also entitled to recover reasonable attorney's fees and costs from the employer.

22. Plaintiff sustained injuries on the job on or about July 23, 2020--including injuries to his back and ankles.

23. Specifically, while cleaning a boat, in the course and scope of his employment with YB, Plaintiff fell approximately 15 feet to the ground, fracturing his back and injuring his neck and bilateral extremities.

24. On that same date, Defendants promptly learned about the accident and that Plaintiff had suffered serious injuries.

25. Plaintiff had a right under the Florida Workers Compensation law to hire an attorney.

26. Defendants fired him in late July 2020 because he did not honor their demand that he resolve his workers' compensation claims without involving an attorney.

27. Defendants fired him promptly after learning of his use of counsel and told him that that was the reason.

**COUNT 1:**
**OVERTIME PAY UNDER THE FAIR LABOR STANDARDS ACT;**
**RICARDO GONZALEZ AGAINST ALL DEFENDANTS**

28. Plaintiff realleges and reavers the allegations of paragraphs 1-21 as if fully set forth herein.

29. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, all Defendants were required to pay Plaintiff overtime compensation for all hours over 40 in a workweek.

30. Plaintiff regularly worked over 40 hours without being paid all overtime pay to which he was entitled.

31. All Defendants' violations of the FLSA were reckless or intentional.

32. Plaintiff is entitled to all damages in the premises from all Defendants, and requests that judgment be entered in his favor and against all Defendants for all overtime pay, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

## COUNT 2:
## WORKERS COMPENSATION RETALIATION;
## RICARDO GONZALEZ AGAINST YB MARINE REPAIR INC.

33. Plaintiff realleges and reavers the allegations of paragraphs 1-16 and 22-27 as if fully set forth herein.

34. YB owned and operated the business in which Plaintiff worked.

35. YB controlled and directed the terms, conditions, activities, duties, and responsibilities of Plaintiff's employment, and hence was his employer under the Florida Workers' Compensation Law.

36. YB, through its President, unlawfully discharged Plaintiff for asserting his legal rights under the Florida Workers' Compensation Law, in violation of Fla. Stat. 440.205.

37. Defendants' actions were reckless and intentional.

38. Plaintiff is entitled to all damages in the premises from YB, and requests that judgment be entered in his favor and against Defendants for all damages in the premises, including, but not limited to, lost wages, liquidated damages, all financial losses, his emotional distress, pre-judgment and post-judgment interest, costs, expenses, attorneys' fees, and all other damages awardable under the Florida Workers' Compensation Law, including Fla. Stat. 440.205.

\* \* \*

39. Plaintiff demands demand a jury trial for all issues so triable.

\* \* \*

40. WHEREFORE, Plaintiff, Ricardo Gonzalez, prays that judgment be rendered in his favor, and against Defendants YB Marine Repair Inc., Sheryl Mauer, and Chris Mauer, jointly and severally, for all damages in the premises, including, but not limited to, all damages set forth in each Count above.

Respectfully submitted:

s/ Steven F. Grover
---------------------------------------------
Steven F. Grover (FL Bar 131296)
For Steven F. Grover, PA
101 N. Riverside Dr.
Suite 203
Pompano Beach FL 33062
Tel.: 954-290-8826
E-mail: stevenfgrover@gmail.com

6